IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES LAMONT NORWOOD,

                                      ORDER

           Plaintiff,

       v.                               3:07-cv-0624-bbc

CAPTAIN RADTKE, Correctional Officer at C.C.I.;
GREG GRAMS, Warden at C.C.I.;
AMY MILLARD, Complaint Examiner;
TOM GOZINSKE, Complaint Examiner;
AMY SMITH, Office of Secretary at Dept. of Corrections; and
Psychologist ANDREA NELSON,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, plaintiff Charles Norwood has been allowed to proceed in forma pauperis under the "imminent danger" exception to § 1915(g) on his claim that defendants are being deliberately indifferent to his safety because they are refusing to grant him "pair with care" status.  Defendants have now answered the complaint.

In every lawsuit that reaches this stage, it is this court's practice to schedule a preliminary pretrial conference to be held by telephone before the magistrate judge, who will work with the parties to set a trial date and deadlines for completing discovery, identifying witnesses and filing dispositive motions. Such a conference will be scheduled in this case for

1

January 29, 2008, at 9:15 a.m.  However, an additional hearing must be scheduled in this case because plaintiff has alleged facts in his complaint and a subsequent motion that defendants are failing to protect him now against a real danger of serious physical harm. Therefore, I have construed plaintiff's complaint to include a motion for a preliminary injunction and I am setting an evidentiary hearing on that motion for Friday, March 14, 2008, at 9:00 a.m.

At the evidentiary hearing, it will be plaintiff's burden to prove that he has a reasonable probability of proving at trial his claim that he faces an immediate threat of physical harm and that he will be irreparably harmed if an injunction does not issue. Pelfresne v. Village of Williams Bay, 865 F.2d 877, 883 (7th Cir. 1989).  If plaintiff makes both of these showings, the court will allow the parties to introduce evidence on the questions whether the threatened injury plaintiff faces outweighs the threatened harm an injunction may inflict on defendants and whether the granting of a preliminary injunction will disserve the public interest.

If either party intends to call an incarcerated witness to testify at the evidentiary hearing, the party must serve and file a motion for the issuance of writs of habeas corpus ad testificandum at least four weeks before the hearing (that is, by February 15, 2008). With the motion, the party must file a supporting affidavit showing that the witness is willing to appear voluntarily and describing the testimony the witness will give, being sure to explain

2

how the witness has personal knowledge of information relevant to plaintiff's claim or defendants' defense. (A copy of the procedures for calling witnesses to trial is enclosed with this order. These procedures are applicable to evidentiary hearings as well.) The parties must submit any such motion no later than February 15, 2008, so that the court will be able to issue any writs in time to insure the witness's presence at the hearing. Plaintiff should be aware that he may not bring with him to court affidavits in an effort to avoid bringing live witnesses, because defendants are entitled to cross examine any individual who testifies on plaintiff's behalf.

I presume that plaintiff will testify on his own behalf. Therefore, I will direct the Clerk of Court to issue a writ of habeas corpus ad testificandum for his attendance at the hearing. Plaintiff should note that he cannot expect defendants to be present at the hearing, although it is possible one or more of them will be present in light of this court's request in the December 6 order that they be prepared to produce witnesses or documentary evidence sufficient to allow this court to make an informed decision. Nevertheless, if plaintiff wishes to call a defendant as a witness at the hearing, he must ask defendants' counsel whether the defendant will agree to be called as a witness by plaintiff, without requiring plaintiff to subpoena him. If defendants' counsel does not agree, plaintiff will have to follow the attached procedures for subpoenaing an unwilling unincarcerated witness if he wishes to obtain that witness's testimony.

3

Finally, the parties are free to bring with them to the hearing documents, if there are any, to support or defend their positions.  For example, plaintiff may have available to him assessments from his personal file showing that he needs special housing consideration or medical records showing that he has been the victim of inmate assaults in past.  However, plaintiff should be aware that documentary evidence will not be admissible unless the document is "authenticated" (that is, shown to be an accurate copy by a witness who has personal knowledge of the document) or its authenticity has been stipulated to by the opposing party.  To the extent that plaintiff might obtain copies of records pertaining to him from files maintained by the Department of Corrections, he will be given an opportunity to show the copies to defense counsel immediately before the hearing so that defendants can stipulate to their authenticity, if it appears appropriate to do so.

If plaintiff has additional questions about the hearing, he may ask them at the January 29 preliminary pretrial conference.

One final matter requires attention.  On December 26, 2007, plaintiff submitted a document titled "Motion for Clarification and Discovery."  In this document plaintiff notes that defendants have asked him to sign a form authorizing them to examine his medical records.  He asks whether it is appropriate for him to sign the authorization.  In addition, he appears to be asking whether someone from this court tried to call him on December 13, 2007.  I am unaware that any such phone call was made.

4

With respect to the authorization form, although I cannot advise plaintiff precisely how he should proceed in this case.  However, I can tell him that it is not uncommon in cases such as this which raise issues about a plaintiff's mental or physical well-being in prison, for defendants to ask the plaintiff to sign a release authorizing their inspection of his medical records.  In some cases, a plaintiff's failure to allow defendants access to such records could result in the dismissal of his case.  Nevertheless, if plaintiff believes the request should be limited in its scope, he is free to discuss this matter with the magistrate judge at the preliminary pretrial conference and the magistrate judge can decide whether modification of the authorization request is appropriate.

## ORDER

IT IS ORDERED that

1.  A preliminary pretrial conference is scheduled in this case to be held by telephone before United States Magistrate Judge Stephen Crocker on January 29, 2008, at 9:15 a.m. Defense counsel is requested to arrange the conference call.

2.  An evidentiary hearing is scheduled in this case on March 14, 2008, at 9:00 a.m.

3.  The Clerk of Court is requested to issue a writ of habeas corpus ad testificandum for the attendance of plaintiff Charles Norwood (Waupun Correctional Institution) at the evidentiary hearing on Friday, March 14, 2008.

5

FURTHER, IT IS ORDERED that

1.  NOT LATER THAN February 15, 2008, the parties are to file and serve any motions for the issuance of subpoenas or writs of habeas corpus ad testificandum they may wish to file, together with supporting affidavits revealing the witness's willingness to appear voluntarily.

Entered this 7th day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6