IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES LAMONT NORWOOD,

                                                                                       ORDER

                   Plaintiff,

      v.                                                                          3:07-cv-0624-bbc

CAPTAIN RADTKE, Correctional Officer at C.C.I.;
GREG GRAMS, Warden at C.C.I.;
AMY MILLARD, Complaint Examiner;
TOM GOZINSKE, Complaint Examiner;
AMY SMITH, Office of Secretary at Dept. of Corrections; and
Psychologist ANDREA NELSON,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Charles Norwood has filed three new documents. The first is titled "Motion to Strike Affirmative Defenses" (Dkt. #13); the second is titled "Clarification and Discovery" (Dkt. #14); and the third is titled "Request for Part of Case File and Motion for Discovery and Disclosure" (Dkt. #15). I will address each of these documents in turn.

In his "Motion to Strike Affirmative Defenses," plaintiff objects to the affirmative defenses in defendants' answer. Fed. R. Civ. P. 8(c) requires the defendants to list in their answer any affirmative defenses they may have to plaintiff's claims against them. Fed. R. Civ. P. 12(b) permits defendants to avoid litigation of a case if plaintiff's allegations of fact,

1

even if accepted as true, would be insufficient to make out a legal claim against the defendants. In this case, defendants have raised certain affirmative defenses in their answer, but they have not filed a motion to dismiss. If such a motion were to be filed, plaintiff would be allowed to respond to it. Otherwise, it is not necessary for plaintiff to respond to defendants' answer. Indeed, Fed. R. Civ. P. 7(a) forbids a plaintiff to submit a reply to an answer unless the court directs a reply to be filed. No such order will be made in this case. According to Fed. R. Civ. P. 8(b)(6), averments in pleadings to which a response is not allowed are assumed to be denied. Therefore, although plaintiff will not be permitted to respond to defendants' answer, the court assumes that he has denied the factual statements and affirmative defenses raised in that answer.

In his submission titled "Clarification and Discovery" (Dkt. #14), plaintiff asks first for an explanation why the court did not allow him to proceed against a Marc Clements. In his complaint, plaintiff alleged that on August 2, 2007, he was assigned to share a cell with an inmate plaintiff believed posed a danger to him of physical assault. However, he alleged as well that "a day or so later," he was moved to another cell. Later, on August 22, 2007, plaintiff filed an inmate complaint, complaining about the failure of prison officials to take speedier action to protect him. Defendant Millard recommended that the complaint be dismissed, saying, "ICE sees no reason to initiate any investigation into the allegations at this point as they would merely amount to a duplication of efforts already done." Plaintiff's only

2

allegation concerning Clements is that Clements accepted Millard's recommendation and dismissed his complaint.

There are a number of reasons I did not allow plaintiff to proceed against Clements. The first is that plaintiff did not name Clements as a defendant in his lawsuit. The second is that plaintiff was denied leave to proceed on his claim that his August 2, 2007 cell assignment subjected him to a substantial risk of serious physical harm. As I told plaintiff in the November 16 order, because he has struck out under 28 U.S.C. § 1915(g), he cannot prosecute a claim that he has been subjected to past incidents of alleged constitutional wrongdoing unless he prepays the $350 filing fee. Finally, a ruling against a prisoner on an administrative complaint does not cause or contribute to alleged misconduct that has occurred in the past. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).

Also in Dkt. #14, plaintiff asks that defendants explain certain of their admissions in their answer to the complaint. I construe plaintiff's request that the defendants clarify the admissions in their answer as a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e), and I will deny it.

Fed. R. Civ. P. 12(e) states in pertinent part

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

As noted above, defendants' answer is not a pleading to which a responsive pleading is

3

allowed. Therefore, plaintiff is not entitled to a more definite statement from defendants concerning their admissions of certain of plaintiff's allegations in the complaint.

Plaintiff's third submission is titled "Request for Part of Case File and Motion for Discovery and Disclosure" (Dkt. #15). In the first paragraph of this document, plaintiff asks the court to send him a copy of the attachments to his complaint. There are fifteen attachments, and the cost of copying documents for indigent litigants is $.10 a page. Therefore, although I am enclosing a copy of the attachments to plaintiff with a copy of this order, he should submit at his earliest convenience a check or money order made payable to the clerk of court in the amount of $1.50 to cover the copying costs.

In the second paragraph of Dkt. #15, plaintiff "moves the court and the Department of Corrections" to give him a copy of Columbia Correctional Institution's "Program Segregation Step Program Rules and Guidelines Handbook Section of DS-2 Segregation Handbook" for his use as evidence at the hearing on his motion for preliminary injunction, which is scheduled for March 14, 2008. It is not proper for plaintiff to seek court intervention into matters of discovery unless defendants fail to respond to a proper discovery request within the time allowed under the Federal Rules of Civil Procedure. Because it does not appear that plaintiff has served a request for production of documents on the defendants as permitted by Fed. R. Civ. P. 34, his motion for an order compelling defendants to give him the specified documents will be denied as premature. A sample form for a request for

4

production of documents is available for plaintiff's review in the appendix of forms to the Federal Rules of Civil Procedure, which should be available in the prison library. (Please note that although a party must produce documents for inspection at a time and place specified by the party seeking production, Rule 34 does not require the producing party to pay the costs of giving the opposing party copies of those documents. If the inspecting party wishes copies of documents, he must pay the cost of reproduction himself.)

ORDER

IT IS ORDERED that

1. Plaintiff's "Motion to Strike Affirmative Defenses" (Dkt. #13), construed as a reply to defendants' answer, will be placed in the file and no consideration will be given to it.

2. Plaintiff's request for "Clarification and Discovery" (Dkt. #14) is GRANTED in part. Plaintiff's request for "discovery," construed as a motion for a more definite statement, is DENIED.

3. Plaintiff's "Request for Part of Case File and Motion for Discovery and Disclosure" (Dkt. #15) is GRANTED in part. A copy of the attachments to plaintiff's complaint is enclosed to plaintiff with a copy of this order. Plaintiff is to pay $1.50 in copying costs

5

immediately. That part of the motion seeking an order compelling defendants to provide documents to plaintiff is DENIED as premature.

Entered this 8th day of January, 2008.

                BY THE COURT:
                /s/
                BARBARA B. CRABB
                District Judge