IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES LAMONT NORWOOD,

                                                                              ORDER

                Plaintiff,

      v.                                                         3:07-cv-0624-bbc

CAPTAIN RADTKE, Correctional Officer at C.C.I.;
GREG GRAMS, Warden at C.C.I.;
AMY MILLARD, Complaint Examiner;
TOM GOZINSKE, Complaint Examiner;
AMY SMITH, Office of Secretary at Dept. of Corrections; and
Psychologist ANDREA NELSON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case is currently scheduled for an evidentiary hearing on March 14, 2008, because plaintiff has alleged facts in his complaint and a subsequent motion that defendants are failing to protect him now against a real danger of serious physical harm. In an order dated January 7, 2008, I told the parties that they must serve and file any motions for the issuance of subpoenas or writs of habeas corpus ad testificandum at least four weeks before the hearing (February 15, 2008) and I supplied them with a copy of this court's "Procedures for Calling Witnesses to Trial."

      Now before the court is plaintiff's, "Request for Witness Subpoenas," that I construe

1

as a request for the issuance of subpoenas compelling defendants Radtke, Grams, Nelson, Gozinske and Smith to appear at the March 14 evidentiary hearing.

Unfortunately, plaintiff has not supported his request for the issuance of subpoenas with an affidavit as he is required to do under the court's witness procedures. According to the procedures, he was to aver that 1) he has contacted each witness to request his or her voluntary testimony and that the witness has refused to grant the request; 2) he has attempted to locate a person over the age of 18 to serve the subpoenas for him and has failed in that regard; 3) he requires the assistance of the United States Marshal to serve the subpoenas for him; and (if he does) 4) he is prepared to tender to the marshal a check or money order made payable to each witness in the amount necessary to cover the daily witness fee ($40), the witness's mileage (at $.48.5 per mile) and the daily subsistence fee for those witnesses required to stay in Madison overnight ($138 for each witness for each night). Because plaintiff has not complied in any respect with the procedures for obtaining subpoenas, I will deny his request without prejudice to his re-filing his motion no later than February 15, 2008 with the required affidavit.

One final matter requires comment. Plaintiff has filed a document titled, "Motion for Request," in which he asks for copies of "memos/inmate complaints and any and all letters attached to [the] complaint" in Norwood v. Capt. Radtke, case no. 07-cv-00634-bbc. (Case no. 07-cv-00634-bbc is a closed case.) Plaintiff says he wants to use these documents

2

at the evidentiary hearing in this case but cannot afford to pay for copies. Although it is difficult to imagine how these documents might be relevant to the question whether plaintiff is in imminent danger of serious physical harm at this time, I will make the file in case no. 07-cv-634-bbc available to him at the time of his evidentiary hearing. A copy of the docket sheet is enclosed with this order so plaintiff can identify for himself in advance of the hearing what documents he thinks might be useful to him.

## ORDER

IT IS ORDERED that plaintiff's request for the issuance of subpoenas compelling defendants Radtke, Grams, Nelson, Gozinske and Smith to appear at the March 14 evidentiary hearing is DENIED without prejudice for his failure to comply with this court's Procedures for Calling Witnesses to Trial .

Entered this 8th day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge