IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES LAMONT NORWOOD,

                              Plaintiff,                            ORDER

v.

                                                                  07-cv-624-bbc

CAPTAIN RADTKE, *et al.*,

                              Defendants.

---

Plaintiff, a prisoner at Columbia Correctional Institution (CCI), has been granted leave to proceed on his claims that defendants, with deliberate indifference to the consequences, have placed plaintiff in imminent danger by not accounting for plaintiff's sexual orientation when making cell and unit assignments. This court denied leave to proceed on plaintiff's other claims because he has struck out under 28 U.S.C. § 1915(g).

Before the court is plaintiff's motion to compel discovery. *See* dkt. 25. Plaintiff asks this court to order defendants to disclose to him five types of information that they have refused to provide. First, plaintiff wants to review defendants' medical records on the ground that, if defendants feel entitled to know plaintiff's state of mind, then he should know theirs. Second, plaintiff wants disclosure of "any and all documents the defendants have in their possession that they intend to use." Third, plaintiff wants disclosure of "work/rule policy for inspection of staff conduct and expectations of conduct for Department of Correction Employees." Fourth, plaintiff wants defendants to disclose any criminal history, serious misconduct, blatant abuses of authority and any vindictive or callous abuses of discretion. Five, plaintiff seeks disclosure of defendants' psychological files, in order to determine if any of them suffer from disorders or problems that would cause them to make unsafe or unconstitutional decisions. *See* dkt. 25.

Defendants respond by referring the court to their response to plaintiff's "Motion for Clarification and Discovery." *See* dkt. 27, Exh. 1.  There, defendants declined to disclose to plaintiff any security-related internal management procedures (SIMPs) but reminded plaintiff that he could access all the other IMPs from the Segregation Unit by using written procedures that they had provided to him.  Defendants proffered this as the best solution because it was unclear from plaintiff's request exactly what he wanted to see; better for him to peruse the IMPs himself.

To the same effect, defendants declined to provide all of DOC's work policies for employees but referred plaintiff to Policy DAI 310.00.01, "Inmate Complaints Regarding Staff Misconduct."

Defendants declined to provide copies of their medical, psychological and criminal records, deeming the information irrelevant and the request vexatious.

Finally, defendants professed an inability to provide plaintiff with all evidence they intended to use in this lawsuit because the request is vague and ambiguous, thus requiring speculation on their part.

For the most part, defendants are correct; to the extent that there are some gray areas, I will require in camera submissions of any responsive information for court review, rather than direct disclosure to plaintiff.  First, plaintiff has no right to defendants' medical records, and his stated reason for requesting them is specious.  Plaintiff filed this lawsuit, claiming that he was in imminent danger of assault.  Why *defendants'* medical or psychological records would be relevant is a complete mystery.  If this request boils down to plaintiff getting even with defendants because they asked for *his* medical records, his ire is ill-advised and misdirected.  A

2

party may seek court protection from allegedly improper discovery; he may not launch a counteroffensive in order to share the discomfort.

Defendants' disciplinary or criminal records are more relevant to plaintiff's claims because plaintiff must prove defendants' scienter (improper state of mind) in order to establish an Eighth Amendment violation. If any of these defendants has been found administratively or civilly liable or convicted of misconduct, rule violations or crimes involving abusing prisoners or being indifferent to the legitimate safety or medical needs of a prisoner, then defendants must disclose this information to the court ex parte for in camera review.

Plaintiff's request for policies and procedures is too broad and too vague for this court to grant. It is not clear what plaintiff wishes to see that he cannot get. Therefore, I will not grant his motion as framed. However, if defendants have SIMPs or other policies and procedures that they used to determine plaintiff's cell and housing placement, but which they have declined to disclose to plaintiff, then they must disclose them to the court ex parte for in camera review, along with any explanation necessary to put them into context. To the same effect, if there are relevant SIMPS or other confidential policies or procedures that defendants logically could have used to make plaintiff's cell and housing assignments but did not, then these also must be provided ex parte to the court.

Finally, plaintiff cannot simply ask defendants to give him a copy of everything they've got that they intend to use to defend against his claims. This puts an impossible burden on defendants and it invades their attorney-client and work product privileges. Plaintiff may pose some carefully-crafted contention interrogatories or ask for documents on specific topics, but it is improper for a party to demand that his opponent run an extra copy of *everything* and send it to him for his file.

In sum, plaintiff's motion to compel discovery is DENIED as framed to the court. Defendants, however, must provide to the court for ex parte review any information in their possession or in the possession of DOC that fits within the categories outlined in this order.

Entered this 26th day of February, 2008.

        BY THE COURT:

        /s/

        STEPHEN L. CROCKER
        Magistrate Judge