IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES LAMONT NORWOOD,

                                                    OPINION AND ORDER

                Plaintiff,

      v.                                              07-cv-624-bbc

DYLON RADTKE, Correctional Officer at C.C.I.;[1]
GREG GRAMS, Warden at C.C.I.;
AMY MILLARD, Complaint Examiner;
TOM GOZINSKE, Complaint Examiner;
AMY SMITH, Office of Secretary at Dept. of Corrections; and
Psychologist ANDREA NELSON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

From December 2006 to December 2007, plaintiff Charles Norwood was incarcerated at the Columbia Correctional Institution in Portage, Wisconsin. The defendants are officials at the prison or administrators for the Department of Corrections who reviewed and denied plaintiff's grievances about his housing assignments. In this lawsuit brought under 42 U.S.C. § 1983, plaintiff contends that defendants violated his Eighth Amendment rights by

---

[1] Plaintiff identified this defendant as "Captain Radtke" in his complaint. I have amended the caption to reflect Radtke's full name as identified in defendants' summary judgment materials.

1

allowing him to be housed with or near prisoners who were harassing and threatening him because he is gay. Defendants' motion for summary judgment is ripe for review.

After reviewing the evidence submitted by the parties, I conclude that plaintiff has failed to meet his burden on summary judgment to show that a reasonable jury could find in his favor with respect to at least two critical elements of his claim. Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (court must grant motion for summary judgment if evidence shows that no reasonable jury could render verdict in favor of nonmoving party); Kampmier v. Emeritus Corp., 472 F.3d 930, 936 (7th Cir. 2007) ("To survive summary judgment, the nonmoving party must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial."). First, on any claim regarding an alleged failure by prison officials to protect an inmate, the plaintiff must show that he was subjected to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825 (1994). In making this showing, Rule 56(e)(2) required plaintiff to come forward with "specific facts" showing that such a risk existed. Plaintiff has not complied with that requirement.

In his declaration, plaintiff avers without further explanation that he was "threatened" by "homophobic inmates." Plt.'s Decl., ¶3, dkt. #53. His letter to the warden and the grievance he submitted are similarly vague. E.g., Dkt. #54, exh. 6 ("I've been threatened by several individuals."); id. exh. 21 ("I was placed in the cell with a homophobic inmate.")

2

(The parties appear to agree that plaintiff wrote a number of other letters to prison officials about his housing situation, but neither side cites them in their proposed findings of fact or otherwise describes their content.) Plaintiff does not describe any of the alleged threats that were made to him, the context in which the threats were made or any other facts from which a jury could infer reasonably that he faced a substantial risk of serious harm.

Conclusory allegations may be sufficient to satisfy pleading standards, Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002), but they cannot defeat a motion for summary judgment. "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." Drake v. Minnesota Mining & Manufacturing Co., 134 F.3d 878, 887 (7th Cir. 1998). In this case, the evidence adduced by plaintiff consists of a few conclusory allegations, which are not sufficient to sustain his claim.

Second, plaintiff's request for an injunction against the officials at the Columbia Correctional Institution was mooted in December 2007 when he was transferred to another prison. Lehn v. Holmes, 364 F.3d 862, 871 (7th Cir. 2004). (Plaintiff is litigating another case, Norwood v. Strahota, Case No. 08-cv-446-bbc (W.D. Wis.), in which he contends that officials at the Waupun Correctional Institution, where he is currently housed, are disregarding a threat to his safety.) To obtain damages under § 1983, plaintiff would have

3

to show that he was harmed by defendants' actions. Button v. Harden, 814 F.2d 382, 383 (7th Cir. 1987). This is difficult for plaintiff because it is undisputed that he was not assaulted while he was housed at the Columbia prison. In a case like plaintiff's in which physical harm never materializes, the prisoner cannot prevail simply by pointing to verbal abuse that he endured. DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000). Rather, a claim for damages exists only when the prisoner experiences "extreme and officially sanctioned psychological harm." Doe v. Welborn, 110 F.3d 520, 524 (7th Cir. 1997). Plaintiff has not met this standard. He has not adduced evidence that he suffered *any* psychological harm, much less the type of harm that would sustain a claim for damages under the Eighth Amendment. Accordingly, defendants' motion for summary judgment must be granted.

ORDER

IT IS ORDERED that the motion for summary judgment filed by Dylon Radtke, Greg Grams, Amy Millard, Tom Gozinske, Amy Smith and Andre Nelson, dkt. #37, is GRANTED. The clerk of court is directed to enter judgment in favor of defendants and

4

close this case.

Entered this 17th day of September, 2008.

> BY THE COURT:
>
> /s/
>
> _____
> BARBARA B. CRABB
> District Judge